(Not for Publication)                                                                                    (Docket Entry No. 6)

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

_____
                                                      :
SIGNS BY TOMORROW - USA, INC.,   :
                                                      :
                   Plaintiff,     :        Civil No. 05-4353 (RBK)
                                                      :
               v.                  :        **OPINION**
                                                      :
G.W. ENGEL COMPANY, INC.,            :
                                                      :
                  Defendant.  :
_____:

**KUGLER**, United States District Judge:

      This matter comes before the Court upon motion by Plaintiff Signs By Tomorrow - USA, Inc. for entry of a default judgment and permanent injunction against Defendant G.W. Engel Company, Inc.  For the reasons that follow, the Court will deny Plaintiff's motion without prejudice.

**I.  BACKGROUND**

      Plaintiff Signs by Tomorrow-USA, Inc. ("SBT") is a Maryland corporation specializing in the opening and operation of businesses that manufacture and sell custom-made signs. (Compl. ¶ 5.)  SBT owns and licenses certain trademarks, service marks, trade dress, and a proprietary business system designed for use in SBT retail stores. (Compl. ¶ 1.)  In particular, SBT has developed the "SBT System" which is a plan that enables SBT franchisees to benefit from "a marketing image utilizing common advertising and promotion methods, services and

products, training programs, standards, specifications, proprietary marks, and other items and information developed by SBT." (Compl. ¶ 5.)

The Defendant G.W. Engel Company, Inc. ("G.W. Engel Company") is a New Jersey corporation with its principal place of business located at 310 South White Horse Pike, Somerdale, NJ 08083. (Compl. ¶ 2.)  On or about September 30, 1994, SBT, as franchisor, entered into a Franchise Agreement with Gary W. Engel, as franchisee, for operation of a SBT store. (Compl. ¶ 8; Exhibit A to Compl.)  Several months later, on or about February 28, 1995, Gary W. Engel executed an Assignment and Transfer of Franchise Agreement whereby Gary W. Engel assigned all of his rights, privileges and obligations under the Franchise Agreement to G.W. Engel Company. (Compl. ¶ 9; Exhibit B to Compl.)

According to SBT, G.W. Engel Company defaulted on its obligations under the Franchise Agreement by (1) failing to report monthly total sales to SBT, and (2) failing to pay SBT monthly franchise fees, advertising fees and interest. (Compl. ¶ 10.)  On May 10, 2005, and again on June 17, 2005, SBT sent G.W. Engel Company a written Notice of Default and Notice to Cure defaults under the Franchise Agreement. (Compl. ¶¶ 11, 13; Exhibits C and D to Compl.)  To date, G.W. Engel Company has apparently not cured its defaults under the Franchise Agreement. (Compl. ¶¶ 12-13.)

Under the terms of the Franchise Agreement, noticed defaults must be cured within thirty days of a Notice to Cure, and if they are not cured, SBT may elect to terminate the Franchise Agreement. (Compl. ¶ 11.)  Accordingly, on June 28, 2005, SBT sent G.W. Engel Company a Notice of Termination. (Compl. ¶ 14.)  The Notice of Termination provided for termination of the Franchise Agreement effective July 6, 2005, unless G.W. Engel Company agreed to certain terms for the continued operation of the contract. (Compl. ¶ 14.)  After G.W. Engel Company

failed to accept SBT's proposed terms, SBT terminated the Franchise Agreement on July 6, 2005. (Compl. ¶ 14; Exhibit E to Compl.)

In the Franchise Agreement, the parties agreed that upon termination of the agreement, G.W. Engel Company would have thirty days to (1) pay all fees and other charges or debts owed to SBT; (2) cease holding itself out as an SBT franchisee and cease using SBT's proprietary marks, methods, systems, and materials; (3) return all confidential manuals and materials to SBT; (4) send to SBT all customer lists from G.W. Engel Company's SBT Store; (5) cease using the telephone number of the SBT store or transfer the telephone number to SBT; and (6) at the option of SBT, "de-identify" and close G.W. Engel Company's SBT store. (Compl. ¶ 15.) According to the Complaint, G.W. Engel Company has failed to comply with many of these post-termination obligations. (Compl. ¶ 17.)

Because of G.W. Engel Company's defaults under the Franchise Agreement and related failure to satisfy its post-termination obligations, SBT filed this lawsuit to enforce its rights and remedies. (See Compl. ¶ 18.)  SBT filed the Complaint in this matter on September 7, 2005. Count I of the Complaint alleges a claim for trademark infringement.  Count II contains a claim for breach of the Franchise Agreement.

On September 14, 2005, the Plaintiff requested and received a summons as to G.W. Engel Company.  On October 24, 2005, SBT's counsel filed an "Affidavit of Service."  In the affidavit, counsel for SBT states that G.W. Engel Company was served by certified mail on September 22, 2005.  Counsel attached to the affidavit a copy of the certified mail return receipt, which G.W. Engel signed and dated on September 22, 2005.  On October 24, 2005, SBT also requested that the Clerk enter default against G.W. Engel for failure to appear, answer, or defend.  The Clerk did not enter the default.  Approximately one month later, on November 29, 2005, SBT filed the

present, unopposed motion for a default judgment and permanent injunction.

## II.  DISCUSSION

### A.  Default Judgment Standard

Federal Rule of Civil Procedure 55(b)(2) authorizes courts to enter a default judgment against a properly served defendant who fails to file a timely responsive pleading. Anchorage Assoc. v. Virgin Is. Bd. of Tax Rev., 922 F.2d 168, 177 n.9 (3d Cir. 1990) ("When a defendant fails to appear . . . , the district court or its clerk is authorized to enter a default judgment based solely on the fact that the default has occurred."). The entry of a default judgment is largely a matter of judicial discretion, although the Third Circuit has emphasized that such "discretion is not without limits, however, and we have repeatedly stated our preference that cases be disposed of on the merits whenever practicable." Hritz v. Woma Corp., 732 F.2d 1178, 1181 (3d Cir. 1984) (citations omitted).

Although the Court should accept as true the well-pleaded factual allegations of the Complaint, the Court need not accept the moving party's legal conclusions or factual allegations relating to the amount of damages. Comdyne I, Inc. v. Corbin, 908 F.2d 1142, 1149 (3d Cir. 1990); Directv, Inc. v. Asher, No. Civ. A. 03-1969, 2006 WL 680533, at *1 (D.N.J. Mar. 14, 2006) (citing Charles A. Wright, Arthur R. Miller & Mary Kay Kane, 10A Federal Practice and Procedure § 2688, at 58-59, 63 (3d ed. 1998)). Consequently, before granting a default judgment, the Court must first ascertain whether "the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit mere conclusions of law." Asher, 2006 WL 680533, at *1 (citing Wright, Miller, & Kane, § 2688, at 63); Directv, Inc. v. Croce, 332 F. Supp. 2d 715, 717 (D.N.J. 2004)).

**B. Personal Jurisdiction and Service of Process**

Moreover, a default judgment is void if the issuing court lacks personal jurisdiction over the allegedly defaulting defendant(s). Gold Kist, Inc. v. Laurinburg Oil Co., Inc., 756 F.2d 14, 19 (3d Cir. 1985); D'Onofrio v. Il Mattino, 430 F. Supp. 2d 431, 437 (E.D. Pa. 2006); O'Donnell v. Shalayev, No. 01-4721, 2004 WL 2958698, at *7 (D.N.J. Dec. 22, 2004). A court does not have personal jurisdiction in cases where service of process has not been properly made. Lampe v. Xouth, Inc., 952 F.2d 697, 700-701 (3d Cir. 1991) ("A court obtains personal jurisdiction over the parties when the complaint and summons are properly served upon the defendant. Effective service of process is therefore a prerequisite to proceeding in the case."). Therefore, before analyzing whether the Complaint states a cause of action sufficient to warrant entry of default judgment, the Court must satisfy itself that service of process has properly been made on the defendant(s). See D'Onofrio, 430 F. Supp. 2d at 438; see also Gold Kist, Inc., 756 F.2d at 19 ("A default judgment entered when there has been no proper service of a complaint is, a fortiori, void, and should be set aside.").

Federal Rule of Civil Procedure 4(h) provides two methods by which a defendant corporation may be served with a copy of the summons and complaint absent a valid waiver of service. One of the permissible methods of service under Rule 4(h) requires "*delivering* a copy of the summons and of the complaint to an officer, a managing or general agent, or to any other agent authorized by appointment or law to receive service of process." Fed. R. Civ. P. 4(h)(1) (emphasis added). The term "delivery" as used in the above-quoted language from Rule 4(h)(1) does not include service by mail. See Shomide v. ILC Dover LP, No. 03-1019, 2006 WL 2042969, at *4 (D. Del. July 20, 2006) (finding that plaintiff's service by certified mail did not satisfy the requirements of Federal Rule 4(h)); Spears v. Kroger Co., No. 05-2832, 2006 WL

2044986, at *2 (N.D. Ohio July 19, 2006) (noting that the term "delivery" in Federal Rule 4(h)(1) does not include service by mail); Mettle v. First Union Nat'l Bank, 279 F. Supp. 2d 598 (D.N.J. 2003) (finding that service by certified mail alone is insufficient to effectuate service in accordance with Federal Rule 4(h)).  Because the Plaintiff's mailed service does not constitute "delivery" under Rule 4(h), the Court must determine whether the mailed service satisfies the other method of proper service enumerated in Rule 4(h)(1).

Alternatively, Rule 4(h)(1) provides that service upon a corporation may be made "in a judicial district of the United States in the manner prescribed for individuals by subdivision (e)(1)." Fed. R. Civ. P. 4(h)(1).  Rule 4(e)(1) states that service may be made "pursuant to the law of the state in which the district court is located, or in which service is effected, for the service of a summons upon the defendant in an action brought in the courts of general jurisdiction of the State." Fed. R. Civ. P. 4(e)(1).  In other words, service upon a corporation may be made in accordance with the New Jersey Rules of Court relating to service of process.

New Jersey Court Rule 4:4-4 governs service of process in New Jersey state courts.  In particular, New Jersey Court Rule 4:4-4(a)(6) provides that personal jurisdiction can be obtained over a defendant corporation by:

> [S]erving a copy of the summons and complaint in the manner prescribed by paragraph (a)(1) of this rule on any officer, director, trustee or managing or general agent, or any person authorized by appointment or by law to receive service of process on behalf of the corporation, or on a person at the registered office of the corporation in charge thereof, or, if service cannot be made on any of those persons, then on a person at the principal place of business of the corporation in this State in charge thereof . . .

N.J. Ct. R. 4:4-4(a)(6).  In turn, New Jersey Court Rule 4:4-4(a)(1) allows for service upon a competent individual of at least 14 years of age by delivering a copy of the summons and complaint to the individual personally, or by leaving a copy at the individual's dwelling place

with a competent member of the household age 14 or older, or by delivering a copy to a person authorized by appointment or by law to receive service of process on the individual's behalf. N.J. Ct. R. 4:4-4(a)(1).  In sum, the provisions of New Jersey Court Rule 4:4-4(a) provide that service upon a corporation is usually made by delivery of the summons and complaint, rather than mailing of the summons and complaint. See Mettle, 279 F. Supp. 2d at 602-603 (noting that under New Jersey Court Rule 4:4-4(a)(6) service upon a domestic corporation generally requires personal service upon any of the individuals listed in New Jersey Court Rule 4:4-4(a)(6)).

Nevertheless, New Jersey Court Rule 4:4-4(b) provides for substituted or constructive service in some situations.  Subsection (b) states that "[i]f it appears by affidavit satisfying the requirements of R. 4:4-5(c)(2) that despite diligent effort and inquiry personal service cannot be made in accordance with paragraph (a) of this rule," then personal jurisdiction may be obtained over a corporation by mailing a copy of the summons and complaint "by registered or certified mail, return receipt requested, and simultaneously by ordinary mail to . . . a registered agent for service, or to its principal place of business, or to its registered office." N.J. Ct. R. 4:4-4(b)(1), -(b)(1)(C).

Similarly, New Jersey Court Rule 4:4-4(c) allows for optional mailed service in certain circumstances.  Specifically, where personal service is required to be made under New Jersey Court Rule 4:4-4(a), service by mail may be used in lieu of personal service; however, such mailed service is only effective to obtain personal jurisdiction over the defendant if the defendant appears or responds to the mailed service. N.J. Ct. R. 4:4-4(c).  That is, where optional mailed service has been made pursuant to New Jersey Court Rule 4:4-4(c), a default judgment shall not be entered against a defendant who fails to answer or appear in response thereto. Id. Accordingly, if a defendant does not answer or appear within 60 days following mailed service

effected pursuant to New Jersey Court Rule 4:4-4(c), then service shall be made as otherwise provided in New Jersey Court Rule 4, and the time prescribed by New Jersey Court Rule 4:4-1 for issuance of the summons will begin to run anew. Id.

In this case, Plaintiff served G.W. Engel Company via certified mail. In particular, the affidavit of service shows that on September 22, 2005, Plaintiff served Defendant with a copy of the Summons and Complaint via certified mail to Gary W. Engel, G.W. Engel Company, Inc., 310 White Horse Pike, Somerdale, New Jersey 08083. The certified mail receipt is signed by G.W. Engel. However, as outlined above, mailed service upon a corporation must satisfy the requirements of New Jersey Court Rule(s) 4:4-4(b) or 4:4-4(c) to be effective. Here, Plaintiff has not submitted any affidavit(s) showing that "despite diligent effort and inquiry" personal service could not be made. In addition, there is no evidence that service was simultaneously made by both certified and ordinary mail. Therefore, the Plaintiff has not satisfied the prerequisites to using the kind of mailed service provided for in New Jersey Court Rule 4:4-4(b)(1). See Mettle, 279 F. Supp. 2d at 602-603 (D.N.J. 2003) (finding that the plaintiff failed to satisfy the service requirements set forth in the New Jersey state rules and the federal rules where the Plaintiff did not make personal service upon the defendant corporation and did not submit an affidavit of diligent effort before attempting to serve the corporate defendant by certified mail). Similarly, the Plaintiff's mailed service does not meet the requirements of New Jersey Court Rule 4:4-4(c) because the defendant has not appeared, answered, or otherwise responded to the mailed service. See N.J. Ct. R. 4:4-4(c).

Accordingly, the Court finds that it lacks personal jurisdiction over G.W. Engel Company because the Plaintiff has not effectuated proper service of process under the applicable federal and state rules. Thus, it is presently inappropriate to enter a default judgment against the

Defendant. Instead, the Court will deny Plaintiff's "Motion to Enter Default Judgment and Permanent Injunction" without prejudice and will provide Plaintiff with an opportunity to serve the Defendant in a manner consistent with the relevant federal and state rules regarding service of process upon a New Jersey corporation. See Fed. R. Civ. Proc. 4(m) (allowing courts to direct the Plaintiff to effectuate proper service within an appropriate, extended time period).

### III.  CONCLUSION

For the foregoing reasons, the Court will deny Plaintiff's "Motion to Enter Default Judgment and Permanent Injunction" without prejudice. The accompanying Order shall issue today.


Dated:   8-1-06                                                               s/ Robert B. Kugler
                                                          ROBERT B. KUGLER
                                                          United States District Judge